IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESTAURANT LAW CENTER, and NEW YOUR STATE RESTAURANT ASSOCIATION,<br><br>      Plaintiffs,<br><br>v.<br><br>CITY OF NEW YORK, and SANDRA ABELES, in her official capacity as Commissioner of the NEW YORK CITY DEPARTMENT OF CONSUMER AND WORKER PROTECTION,<br><br>      Defendants. | Case No. 1:21-cv-04801-DLC |

**PLAINTIFFS' OPPOSITION TO THE NATIONAL EMPLOYMENT LAW PROJECT'S AND OTHER ORGANIZATIONS' MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE***

   The Restaurant Law Center ("RLC") and the New York State Restaurant Association ("NYSRA") (collectively, "Plaintiffs") submit this opposition to the National Employment Law Project ("NELP") and other *amici* organizations' motion for leave to file an *amicus* brief (ECF Dkts. 35, 36). The Court should exercise its discretion to deny the motion for leave because the parties already have agreed to an expedited briefing schedule, and when briefing is complete, the Court will have several briefs of argument filed by Defendants' more than competent counsel regarding the issues raised in the case. The City and Commissioner of the City's Department of Consumer and Worker Protection ("DCWP") are fully capable of defending their own law. Further, NELP presents no justification to introduce the extra expense, prejudice, and delay in a determination on the merits that the proposed *amicus* brief would impose. Finally, a NELP representative testified in favor of the law and the Service Employees International Union

("SEIU"), which helped draft the law and has donated vast sums of money to NELP over the past few years—demonstrating that NELP's interests are fully aligned with those of the City. NELP and its fellow proposed *amici*, which describe themselves as lobbying for and strongly supporting the Just Cause Laws, offer no unique perspective to the case.

\*      \*      \*

The decision to grant or deny leave to file an *amicus* brief is within the "broad discretion" of a district court. *See United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992), *aff'd,* 980 F.2d 161 (2d Cir. 1992). When a party opposes the filing of an *amicus* brief, leave of court is necessary and should only be granted when a submission serves the limited purposes for which an *amicus* brief might be useful. *See Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12-7935, 2014 WL 265784, at \*2 (S.D.N.Y. Jan. 23, 2014). In limited instances, *amicus* briefing may serve to "aid [] the court and offer insights not available from the parties." *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994). This is not such a case.

First, no reason exists to grant NELP leave to file an *amicus* brief where, as here, there will be ample briefing on the issues by the parties. The parties have jointly acted to obtain an accelerated decision from the Court by agreeing to a consolidated, expedited briefing schedule—allowing for a motion and cross-motion for summary judgment, oppositions to both, and replies in support of both. *See* ECF Dkts. 14, 15; *cf. Lehman CS Trust, Series 2006-GP2*, No. 12-7935, 2014 WL 265784, at \*2 (denying leave to file an *amicus* brief when "the Court ha[d] given the parties ample opportunity to argue their respective positions, allowing a sur-reply and a response to the sur-reply."). Each side has the right to file three briefs. ECF Dkt. 15. Defendants and their interests are and will be ably "represented by [their] counsel," and yet another "additional

2

memorandum of law would not aid [the] Court's evaluation of [defendants'] motion." *Ahmed*, 78 F. Supp at 198 n.1; *see also United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y 1991) ("it 'may be thought particularly questionable' for the court to accept an amicus when it appears that the parties are well represented and that their counsel do not need supplemental assistance and where the joint consent of the parties to the submission by the amicus is lacking").

Moreover, these additional pages are being requested after the parties' agreed upon expedited briefing schedule is well underway. Plaintiffs filed their motion for summary judgment on July 20, 2021, ECF Dkts. 21-25, and Defendants' opposition to Plaintiffs' motion and their own cross-motion for summary judgment are due on August 10, 2021. Plaintiffs' reply in support of their motion and opposition to Defendant's motion are due in two weeks on August 24, and Defendants' further reply is due one week later on August 31. ECF No. 15. Adding an additional brief to which Plaintiffs must respond in this expedited timeframe is unnecessarily burdensome. As such, this case is unlike *Authors Guild v. Google, Inc.*, No. 05-08136, ECF No. 1060 (S.D.N.Y. Aug. 15, 2012), where the Court ruled on the motion for leave to file an *amicus* brief more than one month before either parties' opposition to summary judgment was due. Permitting NELP to file an additional brief would require Plaintiffs to respond—either by filing another brief or seeking additional pages in their existing briefs—or would prejudice Plaintiffs if they are not given the opportunity to respond to the *amicus* brief.[1] Either scenario would delay a ruling on the merits in a case where the Court set, and the parties agreed to, an expedited briefing schedule to resolve the constitutional and other issues in this case as quickly as possible.

---

[1] If the Court does grant the motion and consider the *amicus* brief, Plaintiffs request that the Court grant them an equal opportunity to respond to that brief. *See, e.g.*, *Moya de Leon v. Napolitano*, No. 10-6176, 2011 WL 1990876, at *1 (S.D.N.Y. 2011). Specifically, Plaintiffs request 14 days to file a response at the same number of pages as the length of the professors' brief. NELP certainly offers no justification for expanding the pages filed in support of the law without a coinciding opportunity to respond by Plaintiffs.

Second, NELP fails to identify any perspective or argument it will offer this Court that is not already adequately covered by Defendants—the City (which passed the Just Cause Laws) and the Commissioner of the DCWP (the entity that will be enforcing the Laws). Indeed, a NELP representative testified before the City Council in favor of the Just Cause Laws when they were being considered, and that testimony cited an article co-authored in February 2019 by NELP and the SEIU 32BJ, *see* Battaglia Decl. ¶ 5; *id.* Ex. 4 at 1 n.1—the local union whose representatives were intimately involved in lobbying for and drafting the law. *See* ECF Dkt. 22 at 3-4 (citing ECF Dkt. 23 ¶¶ 12-22, 24). NELP wholeheartedly endorses the Just Cause Laws, ECF Dkt. 36 at 3 ("NELP … is a strong supper of just cause" requirements), and has issued press releases praising the laws here—embracing SEIU and City talking points in doing so. *See, e.g.*, Battaglia Decl. ¶ 6, Ex. 6. Most of the other organizations joining NELP's proposed *amicus* brief also testified in favor of the Just Cause Laws at issue in this case. *See, e.g.*, *id.* ¶ 9, Exs. 8-9. And the motion for leave makes clear that all the *amici* organizations have been "making the policy … case" for adoption of and "support[ing] efforts to adopt" (*i.e.*, lobbying for) laws like the Just Cause Laws here, ECF Dkt. 36 at 2-5—so these lobbyists' *amicus* brief will offer no point of view or argument not available from the City itself, independent grounds for the Court to deny the motion to file an *amicus* brief here. *See, e.g.*, *El-Gabrowny*, 844 F. Supp. at 957 n.1 (denying applications where the submission did not "offer[] any argument or point of view not available from the parties themselves"); *S.E.C. v. Bear, Stearns & Co. Inc.*, No. 03-2937, 2003 WL 22000340, at *5-6 (S.D.N.Y. Aug. 25, 2003) (denying leave to file *amicus* brief where *amici* do not have "a unique point of view that is not available to the Court from the parties," Defendants' interests are "adequately represented by [their] counsel," and *amici* "would do nothing to aid this court's evaluation of the issues in the underlying actions").

4

Third, NELP fails to disclose it has received hundreds of thousands of dollars from the SEIU in recent years—including $150,000 contributed from SEIU International to NELP in 2020 and a total of $140,000 contributed from SEIU International and Local 32BJ to NELP in 2019. *See* Battaglia Decl. ¶¶ 3-4, Exs. 1-3.  Another organization joining NELP's proposed *amicus* brief (The Center for Popular Democracy) also has significant financial ties to the SEIU, involving more than $300,000 from SEIU International and Local 32BJ in 2020 and more than $270,000 from SEIU International and Local 32BJ in 2019.  *See id.* ¶¶ 7-8, Exs. 1-3, 7.  Again, the SEIU is the same labor union that lobbied for, helped to conceive of, and co-wrote the text of the Just Cause Laws challenged in this action.  *See* ECF Dkt. 22 at 3-4 (citing ECF Dkt. 23 ¶¶ 12-22, 24).  NELP's and other *amici*'s level of interest and non-neutrality in spearheading this *amicus* brief is a separate and independent reason for denying this motion.  *See, e.g.*, *Gotti*, 755 F. Supp. at 1159 (denying leave to file an *amicus* brief when "[r]ather than seeking to come as a 'friend of the court' and provide the court with an objective, dispassionate, neutral discussion of the issues," the proposed *amicus* came as an "advocate for one side"); *S.E.C.*, 2003 WL 22000340, at *6 (applying *Gotti* and noting that "[c]onferring *amicus* status on such partisan interests is inappropriate").  Proposed *amici*'s relationship with the SEIU—a party significantly interested in the outcome of this litigation—further demonstrates its effort to file a supporting brief is merely additional briefing in support of Defendants, not objective help or a unique perspective for the Court.

*       *       *

Plaintiffs respectfully request that this Court deny NELP's motion to file an *amicus* brief.  If the Court does grant leave, however, Plaintiffs request 14 days from the grant of leave to file a response brief of the same length.

Dated: August 10, 2021                                    Respectfully submitted,

/s/ Leni D. Battaglia
Leni D. Battaglia
Samuel S. Shaulson
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
T: 212-309-7177
leni.battaglia@morganlewis.com
sam.shaulson@morganlewis.com

William R. Peterson
*Admitted pro hac vice*
Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
T: 713-890-5188
william.peterson@morganlewis.com

James D. Nelson
*Admitted pro hac vice*
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: 202-739-5411
james.nelson@morganlewis.com

Angelo I. Amador
*Admitted pro hac vice*
Restaurant Law Center
2055 L Street, NW
Seventh Floor
Washington, DC 20036
T: 202-492-5037
aamador@restaurant.org

*Counsel for Plaintiffs
Restaurant Law Center and
New York State Restaurant Association*

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on August 10, 2021 via the Court's ECF/CM System.

*/s/ Leni D. Battaglia*
Leni D. Battaglia