IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESTAURANT LAW CENTER, and NEW YOUR STATE RESTAURANT ASSOCIATION,<br><br>                       Plaintiffs,<br><br>v.<br><br>CITY OF NEW YORK, and SANDRA ABELES, in her official capacity as Commissioner of the NEW YORK CITY DEPARTMENT OF CONSUMER AND WORKER PROTECTION,<br><br>                       Defendants. | Case No. 1:21-cv-04801-DLC |

**PLAINTIFFS' OPPOSITION TO PROFESSORS KATE ANDRIAS,
MARK BARENBERG, JAMES BRUDNEY, CYNTHIA ESTLUND, CATHERINE FISK,
CHARLOTTE GARDEN, WILLIAM GOULD, BRISHEN ROGERS & LAURA WEINRIB'S
MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*__**

The Restaurant Law Center ("RLC") and the New York State Restaurant Association ("NYSRA") (collectively, "Plaintiffs") submit this opposition to Professors Kate Andrias, Mark Barenberg, James D. Brudney, Cynthia Estlund, Catherine Fisk, Charlotte Garden, and Brishen Rogers' ("the professors") motion for leave to file an *amicus* brief (ECF Dkt. 32). The Court should exercise its discretion to deny the motion for leave because the parties already have agreed to an expedited briefing schedule, and when briefing is complete, the Court will have multiple briefs of argument filed by Defendants' competent counsel regarding the issues raised in the case. The City and Commissioner of the City's Department of Consumer and Worker Protection ("DCWP") are more than capable of defending their own law. Further, the professors present no justification to introduce the extra expense, prejudice, and delay in a determination on the merits that the proposed *amicus* brief would impose. Finally, many of the professors have

extensive connections with the Service Employees International Union ("SEIU"), which helped draft the law—demonstrating that the professors are fully aligned with Defendants *and* offer no unique perspective to add anything new to the case.

* * *

The decision to grant or deny leave to file an *amicus* brief is within the "broad discretion" of a district court. *See United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992). When a party opposes the filing of an *amicus* brief, leave of court is necessary and should only be granted when a submission serves the limited purposes for which an *amicus* brief might be useful. *See Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12-7935, 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014). In limited instances, *amicus* briefing may serve to "aid [] the court and offer insights not available from the parties." *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994). This is not such a case.

First, no reason exists to grant leave to file an *amicus* brief where, as here, there will be ample briefing on the issues by the parties. Indeed, the parties have jointly acted to obtain an accelerated decision from the Court by agreeing to a consolidated, expedited briefing schedule—allowing for a motion and cross-motion for summary judgment, oppositions to both, and replies in support of both. *See* ECF Dkts. 14, 15; *cf. Lehman CS Trust, Series 2006-GP2*, No. 12-7935, 2014 WL 265784, at *2 (denying leave to file an *amicus* brief when "the Court ha[d] given the parties ample opportunity to argue their respective positions, allowing a sur-reply and a response to the sur-reply."). Each side has the right to file three briefs. ECF Dkt. 15. The Defendants and their interests are and will be ably "represented by [their] counsel," and yet another "additional memorandum of law would not aid [the] Court's evaluation of [defendants'] motion." *Ahmed*,

78 F. Supp at 198 n.1; *see also United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y 1991) ("it 'may be thought particularly questionable' for the court to accept an amicus when it appears that the parties are well represented and that their counsel do not need supplemental assistance and where the joint consent of the parties to the submission by the amicus is lacking").

Moreover, these unnecessary additional pages are being requested after the parties' agreed upon expedited briefing schedule is well underway. Plaintiffs filed their motion for summary judgment on July 20, 2021, ECF Dkts. 21-25, and Defendants will file their opposition to Plaintiffs' motion and their own cross-motion for summary judgment on August 10, 2021. Plaintiffs' reply in support of their motion and opposition to Defendant's motion are due in two weeks on August 24, and Defendants' further reply is due one week later on August 31. ECF Dkt. 15. Adding an additional 25-page brief (ECF Dkt. 31-1) to which Plaintiffs must respond in this timeframe is unnecessarily burdensome. As such, this case is unlike *Authors Guild v. Google, Inc.*, No. 05-08136, ECF No. 1060 (S.D.N.Y. Aug. 15, 2012) (which the professors attached at ECF Dkt. 31-2), where the Court ruled on the motion for leave to file an *amicus* brief more than one month before either parties' opposition to summary judgment was due. Permitting the filing of additional briefs would create unnecessary delay and expense by requiring Plaintiffs respond, generating additional pages of (almost certainly duplicative) argument for the Court to consider on these issues, or otherwise prejudicing Plaintiffs if they are not given adequate opportunity to respond to the *amicus* brief.[1] Either scenario would unduly delay a ruling on the merits in a case where the Court set, and the parties agreed to, an expedited briefing schedule to resolve the constitutional and other issues in this case as quickly as possible.

---

[1] If the Court does grant the motion and consider the *amicus* brief, Plaintiffs request that the Court grant them an equal opportunity to respond to that brief. *See, e.g.*, *Moya de Leon v. Napolitano*, No. 10-6176, 2011 WL 1990876, at *1 (S.D.N.Y. 2011). Specifically, Plaintiffs request 14 days to file a response at the same number of pages as the length of the professors' brief. The professors certainly offer no justification for expanding the pages filed in support of the Just Cause Laws without a coinciding opportunity to respond by Plaintiffs.

Second, the professors fail to identify any perspective or argument they will offer this Court that is not already adequately covered by Defendants—the City (which passed the Just Cause Laws) and the Commissioner of the DCWP (the entity that will be enforcing the Laws). The professors' motion for leave does not even purport to identify a unique perspective—instead it relies entirely on the claim that Professor Andrias is an "esteemed scholar" and that other *amici* also "research, teach, and write" about labor law. ECF Dkt. 32 at 2. But their status as professors does not provide them any unique insights unavailable to Defendants. Based on their motion and proposed brief, the professors clearly support the Just Cause Laws whole cloth. Their *amicus* brief will offer no point of view or argument not available from the City itself—independent grounds for the Court to deny the motion to file an *amicus* brief here. *See, e.g.*, *El-Gabrowny*, 844 F. Supp. at 957 n.1 (denying applications where the submission did not "offer[] any argument or point of view not available from the parties themselves"); *S.E.C. v. Bear, Stearns & Co. Inc.*, No. 03-2937, 2003 WL 22000340, at *5-6 (S.D.N.Y. Aug. 25, 2003) (denying leave to file *amicus* brief where *amici* do not have "a unique point of view that is not available to the Court from the parties," Defendants' interests are "adequately represented by [their] counsel," and *amici* "would do nothing to aid this court's evaluation of the issues in the underlying actions").

Third, the professors do not disclose their extensive connections to SEIU—the union that lobbied for and co-drafted the Just Cause Laws challenged in this action. *See* ECF Dkt. 22 at 3-4 (citing ECF Dkt. 23 ¶¶ 12-22, 24). Nearly all the professors co-signing the proposed *amicus* brief as signatory *amici* have deep ties to the SEIU. *See* Battaglia Decl. ¶¶ 2-8. Some of these professors even previously have worked for the SEIU as organizers. *Id.* ¶ 3, Ex. 2 (Kate Andrias "worked for several years as an organizer with the Service Employees International Union" and

4

believes in the "failures of U.S. law to protect workers' rights"); *id.* ¶ 8, Ex. 7 (Brishen Rogers spent several years organizing workers for SEIU on Justice for Janitors campaign). Other of the professors have received thousands of dollars from the SEIU for "consulting fees and expenses," served on SEIU boards, joined amicus briefs with SEIU locals, and/or publicly supported other SEIU campaigns. *Id.* ¶¶ 4-8.

The professors' connections to the entity that drafted the law at issue and non-neutrality is a separate and independent reason for denying this motion. *See, e.g.*, *Gotti*, 755 F. Supp. at 1159 (denying leave to file an *amicus* brief when "[r]ather than seeking to come as a 'friend of the court' and provide the court with an objective, dispassionate, neutral discussion of the issues," the proposed *amicus* came as an "advocate for one side"); *S.E.C.*, 2003 WL 22000340, at *6 (applying *Gotti* and noting that "[c]onferring *amicus* status on such partisan interests is inappropriate"). The professors' relationship with the SEIU—a party significantly interested in the outcome of this litigation—further demonstrates their effort to file a supporting brief is an effort to provide briefing in support of Defendants, providing no unique perspective and no objective help to the Court.

\*   \*   \*

Plaintiffs respectfully request that this Court deny the professors' motion to file an *amicus* brief. If the Court does grant leave, however, Plaintiffs request 14 days from the grant of leave to file a response brief up to the same length.

Dated: August 10, 2021                                  Respectfully submitted,

                                                        /s/ Leni D. Battaglia
                                                        Leni D. Battaglia
                                                        Samuel S. Shaulson
                                                        Morgan, Lewis & Bockius LLP

101 Park Avenue
New York, NY 10178
T: 212-309-7177
leni.battaglia@morganlewis.com
sam.shaulson@morganlewis.com

William R. Peterson
*Admitted pro hac vice*
Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
T: 713-890-5188
william.peterson@morganlewis.com

James D. Nelson
*Admitted pro hac vice*
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: 202-739-5411
james.nelson@morganlewis.com

Angelo I. Amador
*Admitted pro hac vice*
Restaurant Law Center
2055 L Street, NW
Seventh Floor
Washington, DC 20036
T: 202-492-5037
aamador@restaurant.org

*Counsel for Plaintiffs
Restaurant Law Center and
New York State Restaurant Association*

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on August 10, 2021 via the Court's ECF/CM System.

*/s/ Leni D. Battaglia*
Leni D. Battaglia