UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RESTAURANT LAW CENTER and NEW YORK STATE RESTAURANT ASSOCIATION,**<br><br>    *Plaintiffs,*<br><br>**v.**<br><br>**CITY OF NEW YORK and SANDRA ABELES, in her official capacity as Commissioner of the NEW YORK CITY DEPARTMENT OF CONSUMER AND WORKER PROTECTION,**<br><br>    *Defendants.* | **Case No.: 1:21-CV-04801 (DLC)**<br><br>***Electronically Filed***<br><br>***Oral Argument Requested*** |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSES
AND OBJECTIONS TO PLAINTIFFS' LOCAL RULE 56.1 STATEMENT**

Defendants' Responses and Objections to Plaintiffs' Local Rule 56.1 Statement ("56.1 Response")[1] attempts to muddy the clear record before this Court, which supports a finding in favor of Plaintiffs.  While Defendants have admitted the truth of 38 of the Plaintiffs' 85 statements of fact (about 44% of the facts alleged), they nevertheless precede many of their admissions with unrelated, non-material argument in an attempt to deflect from that which they were forced to admit.  The Court should decline to consider these many improper portions of Defendants' 56.1 Response and deem all of Plaintiffs' facts admitted and/or undisputed.  *See* Fed. R. Civ. P. 56(e)(2); *Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) (declining to consider portions of 56.1 response where "[m]any of Plaintiff's purported denials—and a number of his admissions— improperly interject[ed] arguments and/or immaterial facts in response to facts asserted by Defendants, often speaking past Defendants' asserted facts without specifically controverting those same facts").

---

[1] Citations to the record are ascribed the same meaning as in Plaintiffs' Local Rule 56.1 Statement of Undisputed Facts ("Pl. SOUF") at Dkt. 23.

In response to other facts, Defendants have alleged that Plaintiffs have not cited admissible evidence, without explaining what makes Plaintiffs' evidence allegedly inadmissible. Defendants provide no explanation because they cannot. All the evidence Plaintiffs have cited in support of their motions is properly supported with admissible evidence and uncontroverted factual statements.

In other instances, Defendants purport to deny facts, or "deny knowledge or information sufficient to form a belief about the truth" of certain facts, even though they are obvious. For example, Defendants deny knowledge or information as to whether "numerous national, interstate restaurant chains [are] subject to the Just Cause Laws." Response SOUF ¶ 78. But the Laws clearly apply to several, including multiple national chains named by Defendants in their brief. *See* Defendants' Memorandum of Law in support of Defendants' Cross-Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment ("Defendants' Brief") at 11, 18.

Given that Defendants have employed the same types of responses to nearly all of Plaintiffs' statements of fact to which they do not admit—and even some they do admit—Plaintiffs have attempted below to thoroughly and efficiently respond to the 56.1 Response by identifying the most common categories of responses by Plaintiffs, and then providing a singular response to each.[2] Plaintiffs have separately responded to Defendants' Local Civil Rule 56.1 Statement of Material Undisputed Facts. *See* Dkt. No. 42. In all events, every statement in Plaintiffs SOUF should be deemed admitted and/or undisputed.

---

[2] To the extent Plaintiffs do not specifically address each and every one of Defendants' assertions, any such remaining assertions are inadequate to defeat summary judgment. Instead, they are conclusory and/or unsupported by the cited evidence, are supported by citations to documents that do not stand for that which Defendants allege or are otherwise argumentative and immaterial to summary judgment. Nevertheless, should the Court require further information or response on any specific fact or facts, Plaintiffs are willing to provide it.

**Plaintiffs' Responses to Defendants' Most Frequent
Responses to Plaintiffs' Statement of Undisputed Facts**

A.      *The "statement does not constitute a material fact because it is irrelevant to Plaintiffs' facial challenge of the [Just Cause Law]."* (Asserted by Defendants to dispute SOUF ¶¶ 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 32, 33, 35, 38, 77, 81, 82, 83, and 84.)

**PLAINTIFFS' REPLY:** In response to 23 statements of fact, Defendants assert that the "statement does not constitute a material fact because it is irrelevant to Plaintiffs' facial challenge of the [Just Cause Law]." *See* 56.1 Response to ¶¶ 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 32, 33, 35, 38, 77, 81, 82, 83, and 84. In these paragraphs, Plaintiffs make a showing that the City Council worked with 32 BJ SEIU to create and pass legislation that would become the Just Cause Laws, including by showing Councilmember Lander emailed a 32BJ SEIU Strategic Coordinator several times in order to "campaign," "work," and "push" together in support of the legislation. Critically, and more often than not, after claiming with no explanation that a certain fact is "irrelevant," Defendants then go on to explain that they "do not dispute this statement." *See* 56.1 Response to ¶¶ 14, 15, 18, 19, 20, 24, 25, 33, 35.

The rote inclusion of this introductory sentence to try to diminish the importance of statements is an inappropriate way to respond to Plaintiffs' statement of facts. Plaintiffs have complied with Local Civil Rule 56.1 by submitting "a separate, short and concise statement, in numbered paragraphs, of the material facts" as to which they contend there is no genuine issue to be tried. Local Rule 56.1. It was Defendants' obligation, as the opposing party, to submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." *Johnson v. IAC/Interactive Corp.*, 2 F. Supp. 3d 504, 507 (S.D.N.Y. 2014). Defendants have submitted a "Local Civil Rule 56.1 Statement of Material Undisputed Facts" (Dkt. 42), so they are clearly aware of how to allege additional, purported facts they believe are

"[relevant] to the facial challenge of the [Just Cause Law]," and would like considered by the Court.  By including "spin" before each of these admissions, "[Defendants'] Rule 56.1 response fails to comply with the spirit, if not the letter, of the rule."  *Johnson*, 2 F. Supp. 3d at 507.

These admissions "improperly interject arguments . . . in response to facts asserted by [Plaintiffs], often speaking past [Plaintiffs'] asserted facts without specifically controverting those same facts."  *Baity*, 51 F. Supp. 3d at 418.  Indeed, "[Defendants'] response abounds with extensive extraneous argumentation that fails to properly controvert defendants' statements."  *Johnson*, 2 F. Supp. 3d at 507-08.  Accordingly, the facts asserted by Plaintiffs in the 23 paragraphs noted above should be "deemed admitted pursuant to the local rule."  *Baity*, 51 F. Supp. 3d at 418; Local Civil Rule 56.1(c); *see also Mereigh v. New York & Presbyterian Hosp.*, No. 16-5583, 2017 WL 5195236, at *1 (S.D.N.Y. Nov. 9, 2017) (deeming statements in defendant's Rule 56.1 statement admitted where "plaintiff 'disputes' a fact in form, [but] she does not actually controvert the fact in substance."); *Castro v. City of New York*, 24 F. Supp. 3d 250, 253 n.3 (E.D.N.Y. 2014) (deeming defendants' facts admitted where plaintiff "admit[ted] defendants' corresponding statement, but [then] interject[ed] commentary or argument in an effort to create an issue of fact."); *Goldstick v. The Hartford, Inc.*, No. 00-8577, 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002) (striking that which contained "argumentative and often lengthy narrative" intended to "'spin' the impact of the admissions plaintiff ha[d] been compelled to make."); *Rodriguez v. Schneider*, 1999 WL 459813, at *1 (S.D.N.Y. June 29, 1999), *aff'd*, 56 F. App'x 27 (2d Cir. 2003) ("*Rule 56.1 statements are not argument.*  They should contain factual assertions, with citation to the record.  They should not contain conclusions, and they should be neither the source nor the result of 'cut-and-paste' efforts with the memorandum of law.").

Over and over, Defendants also cite *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) and *Cayemittes v. City of New York Dep't of Hous. Pres. & Dev.*, 974 F. Supp. 2d 240, 243 (S.D.N.Y. 2013) after claiming that a certain fact is irrelevant.  But neither case supports a specific

argument that any fact is irrelevant or immaterial—only that where facts are irrelevant, they need not be considered.  Given that Defendants *never* (not in their SOUF Response or in their brief) explain why these facts—often going to the purposes of the Just Cause Laws at issue here—are irrelevant, they have waived any such argument.  Indeed, these facts are highly relevant to one or more of Plaintiffs NLRA preemption, dormant Commerce Clause, FAA preemption, state at-will law preemption, and state constitutional challenges, as explained in Plaintiffs' briefs.

Moreover, because Defendants more often than not admit these statements they allege are "irrelevant" are in fact true, their objection does not create any basis for the Court to deny Plaintiffs' motion for summary judgment since the lack of dispute could not affect the outcome of this suit.  Nor does it implicate *Anderson*, 477 U.S. at 248, at all, since that Court discussed what to do with "[f]actual *disputes* that are irrelevant." *Id.* (emphasis added).

Defendants have filed an opposition brief and their own Local Rule 56.1 Statement of Facts.  In other words, they had *plenty* of opportunity to provide argument or additional information about the "relevance" or "materiality" of any of the facts asserted by Plaintiffs. Including argument in their 56.1 Response was not only improper, but meaningless, as they failed to actually controvert the facts in substance.  *Goldstick*, 2002 WL 1906029, at *1 ("Rule 56.1 statements are not argument.").  Accordingly, for all these reasons, SOUF ¶¶ 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 32, 33, 35, 38, 77, 81, 82, 83, and 84 should be deemed admitted and/or deemed undisputed for purposes of this motion.  Fed. R. Civ. P. 56(e)(2).

B.      *"Defendants object to this statement as it is not followed by a citation to admissible evidence."*  (Asserted by Defendants to dispute SOUF ¶¶ 13, 15, 16, 18, 19, 20, 21, 23, 38, 69, 70, 71, 72, 74, 75, 76, 79, 80, 81, 82, 83, and 84.)

**PLAINTIFFS' REPLY:** In Defendants' 56.1 Response to SOUF ¶¶ 13, 15, 16, 18, 19, 20, 21, 23, 38, 69, 70, 71, 72, 74, 75, 76, 79, 80, 81, 82, 83, and 84, Defendants seem to use this objection to state that the citations used by Plaintiffs in its Battaglia Declaration are referring to evidence that is not admissible.  In these paragraphs, Plaintiffs refer to emails regarding the

creation of the legislation that would become the Just Cause Laws in order to show the outside

influences on the legislation, news articles about the Just Cause Laws to reference the impact that

will result from the Just Cause Laws going into effect, and the declaration of an informed party

which describes the burden the Just Cause Laws will place on employers should they be permitted

to go into effect.  More specifically, the objections are to (1) websites personally reviewed and

submitted to this Court as they existed at the time of Plaintiffs' filing, (2) news articles, (3)

documents Plaintiffs received in response to their FOIL requests submitted to the New York City

Council and the Office of the Mayor, and (4) citations to the Fleischut Declaration.  All four

categories of documents are admissible and properly included in Plaintiffs' Local Rule 56.1

Statement of Undisputed Material Facts, as demonstrated below:

(1) *Information on websites where the authenticity of the site has not been questioned*—In

Defendants' 56.1 Response to SOUF ¶¶ 13, 16, 19, and 23, Defendants object that Plaintiffs'

statements are not followed by citations to admissible evidence.  While it is unclear why exactly

Defendants assert that Plaintiffs' citations are inadmissible (and thus difficult to respond to these

vague inadmissibility objections), the objections are improper.  It is well settled in this Circuit that

a court may take judicial notice of such information where an opposing party does not challenge

the authenticity of the information.  *See Fernandez v. Zoni Language Ctr., Inc.*, No. 15-6066, 2016

WL 2903274, at *3 (S.D.N.Y. May 18, 2016) ("Courts may also take judicial notice of information

contained on websites 'where the authenticity of the site has not been questioned.'") (quoting *Hotel

Employees & Rest. Employees Union, Local 100 of New York, N.Y. & Vicinity, AFL CIO v. City

of New York Dep't of Parks & Recreation*, 311 F.3d 534, 549 (2d Cir. 2002)); *see also Hesse v.

Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 463 (S.D.N.Y. 2020) (same).  Not once do

Defendants challenge the authenticity of any of the websites cited and submitted as attachments to

a declaration by Plaintiffs.

(2) *News articles*—In Defendants' 56.1 Response to SOUF ¶¶ 38, 81, 82, 83, and 84,

6

Defendants purport that the news articles cited by Plaintiffs are not "admissible evidence."  Once again, Defendants do not assert why the news articles are inadmissible.  However, courts may take and routinely have taken judicial notice of such evidence.  *See Staehr v. Hartford Financial Servs. Grp., Inc.*, 547 F.3d 406 (2d Cir. 2008) (affirming district court taking judicial notice of newspaper articles); *see also In re Merrill Lynch & Co., Inc. Rsch. Reps. Secs. Litig.*, 289 F. Supp. 2d 429, 433 n.3 (S.D.N.Y. 2003) (court may take judicial notice of newspaper articles for fact of their publication in ruling on a motion to dismiss); *Fernandez*, 2016 WL 2903274, at *3 ("at any stage of the proceeding," court may take judicial notice of "any fact that is 'not subject to reasonable dispute'") (citation omitted).  Moreover, courts have rejected Defendants' very argument here and held that newspaper articles are admissible and may be considered in connection with determining the purpose of a law because news articles are an "important source of public knowledge and opinion" that shed light on the "purposes and justifications for the law."  *Bishop v. U.S. ex rel. Holder*, 962 F. Supp. 2d 1252, 1284 n.31 (N.D. Okla.), *aff'd on other grounds sub nom. Bishop v. Smith*, 760 F.3d 1070 (10th Cir. 2014).  Defendants never "dispute or attempt to dispute the[] factual veracity" of the articles; they "just ask[] the Court to disregard them."  *Id.*  That would not "serve the interest of justice."  *Id.*

*(3) FOIL responses of emails relevant to legislative history*—In Defendants' 56.1 Response to SOUF ¶¶ 15, 18, 19, 20, 21, Defendants also seemingly challenge Plaintiffs' citation to the documents Plaintiffs received in response to the FOIL request made to the New York City Council and the Office of the Mayor.  Such public records, as they are attainable via a FOIL request, are also plainly subject to judicial notice.  *See Rankel v. Town of Somers*, 999 F. Supp. 2d 527, 538 (S.D.N.Y. 2014) (court noting that there are "matters of public record of which I may take judicial notice for the fact of what is said").  And these are not just public records from another entity, they are records from the City itself as it relates to the very law at issue.  Even if they were not admissible as public records, it is well-settled that documents relevant to legislative history are

both relevant and admissible in cases challenging the related piece of legislation. *See, e.g.*, *Whitford v. Gill*, 218 F. Supp. 3d 837, 894 n.224 (W.D. Wisc. 2016) (documents providing "useful background information" on legislation's "path to enactment and on the types of concerns voiced by the legislator" is admissible "legislative history"), *vacated and remanded on other grounds*, 138 S. Ct. 1916 (2018); *Bishop*, 962 F. Supp. 2d at 1284 n.31 (information that sheds light on the purposes of legislation is admissible).  Finally, these emails and documents also fall within a number of hearsay exceptions, including business records of the City.  *See* Fed. R. Evid. R. 803(6).  Again, Defendants do not meaningfully dispute the veracity of any of the emails or information *turned over by the City*, nor do they demonstrate how this *legislative history* could be irrelevant to a challenge to the law depending in part on its illegal purposes.

      *(4) Fleischut Declaration*—Finally, in Defendants' 56.1 Response to SOUF ¶¶ 69, 70, 72, 74, 75, 76, 79, and 80, Defendants allege that the information in the Declaration of Melissa Fleischut is not admissible evidence.  On the contrary, evidence such as the Fleischut Declaration is specifically anticipated by Federal Rule of Civil Procedure 56.  Indeed, under Fed. R. Civ. P. 56(c)(4), an affidavit used to support a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  The Fleischut Declaration was submitted based on the declarant's personal knowledge, the declarant is competent to testify on the matters stated, and Defendants have identified no specific facts in the Declaration that would not be admissible in evidence if properly testified to—let alone why they would be inadmissible.  In other words, Defendants have not met their burden to establish why this evidence cannot be presented in a form that is admissible.

      Defendants' citation to *U.S. Info. Sys. v. IBEW Local Union No. 3*, 2006 U.S. Dist. LEXIS 52938, at *13, does not help them, as that case actually refused to consider responses to a 56.1 Statement, like Defendants' responses here, which rely on "objections" and fail to cite evidence to support their claims of disputed facts.  *Id.* at *12-13.  Moreover, the portion of the case Defendants

cite stands for the proposition that inadmissible evidence need not be considered, *id.* at *13, yet

they provide no reason to think this Declaration based on personal knowledge is inadmissible.

Accordingly, because Defendants have not substantively controverted any of Plaintiffs'

aforementioned statements, SOUF ¶¶ 13, 15, 16, 18, 19, 20, 21, 23, 38, 69, 70, 71, 72, 74, 75, 76,

79, 80, 81, 82, 83, and 84 should be deemed admitted and/or undisputed for purposes of this

motion.

C.   *"Defendants deny knowledge or information sufficient to form a belief as to the truth of this statement"* (Asserted by Defendants to dispute SOUF ¶¶ 13, 16, 19, 23, 38, 59, 69, 70, 71, 77, 78, 79, 80, 81, 82, 83, and 84).

**PLAINTIFFS' REPLY:**   Defendants attempt to dispute 17 paragraphs of Plaintiffs'

SOUF by denying knowledge or information sufficient "to form a belief as to the truth" of the

statements.  For example, they disclaim knowledge sufficient to affirm or deny whether "numerous

national, interstate restaurant chains" are subject to the Just Cause Laws.  SOUF Response ¶ 78.

However, it is easily accessible public knowledge that this statement is true, and indeed, the Laws

would be completely pointless otherwise.

In any event, their denial of knowledge or information without a specific citation in support

thereof is insufficient to controvert Plaintiffs' paragraphs.  *See Cooper v. City of New Rochelle*,

925 F. Supp. 2d 588, 602 (S.D.N.Y. 2013) (Where Plaintiffs failed to properly contest numerous

facts set forth in Defendants' Local Rule 56.1 Statement, the facts were deemed admitted because

"[a] nonmovant cannot raise a material issue of fact by denying statements which the moving party

contends are undisputed for lack of knowledge and information . . . .") (quoting *AFL Fresh &*

*Frozen Fruits & Vegetables, Inc. v. De-Mar Food Servs. Inc.*, No. 06 CIV. 2142 (GEL), 2007 WL

4302514, at *4 (S.D.N.Y. Dec. 7, 2007).  Indeed, where a fact is not *actually* controverted, it

should be deemed admitted.  *See* Local Civil Rule 56.1(c) (material facts in movant's 56.1

statement "deemed to be admitted for purposes of the motion unless specifically controverted" by

opposing party's 56.1 statement).  Where, as here, Defendants do not support their purported

"dispute" with *specific* citations to record evidence, such "denials" must be disregarded. *See* Fed. R. Civ. P. 56(c)(1) (a party asserting that a fact is disputed must support the assertion by "citing to particular parts of the materials in the record"); *cf. also Ambrose v. City of White Plains*, No. 10-4946, 2018 WL 1635498, at *3 (S.D.N.Y. Apr. 2, 2018) (deeming admitted statements in 56.1 statement that plaintiffs did not dispute with a pinpoint record cite and noting that 56.1 "requires a party to provide pinpoint citations" because the "Court is not required to look for the proverbial 'needle in a haystack'"); *Revlon Consumer Prod. Corp. v. Estee Lauder Cos., Inc.*, No. 00-5960, 2003 WL 21751833, at *42 n. 55 (S.D.N.Y. July 30, 2003) (stating that "[plaintiff] cannot expect the Court to comb the record to find evidence not highlighted in [Plaintiff's] motion papers—summary judgment is not a game of hide and seek"). Therefore, SOUF ¶¶ 13, 16, 19, 23, 38, 59, 69, 70, 71, 77, 78, 79, 80, 81, 82, 83, and 84 should be deemed admitted as uncontroverted by Defendants.

Dated:   New York, New York           Respectfully submitted,
         August 24, 2021
                                       */s/ Leni D. Battaglia*

                                       Leni D. Battaglia
                                       Samuel S. Shaulson
                                       Morgan, Lewis & Bockius LLP
                                       101 Park Avenue
                                       New York, NY 10178
                                       T: 212-309-7177
                                       leni.battaglia@morganlewis.com
                                       sam.shaulson@morganlewis.com

                                       William R. Peterson
                                       Admitted *pro hac vice*
                                       Morgan, Lewis & Bockius LLP
                                       1000 Louisiana Street, Suite 4000 Houston,
                                       TX 77002
                                       T: 713-890-5188
                                       william.peterson@morganlewis.com

                                       James D. Nelson
                                       Admitted *pro hac vice*
                                       Morgan, Lewis & Bockius LLP
                                       1111 Pennsylvania Avenue, NW
                                       Washington, DC 20004
                                       T: 202-739-5411
                                       james.nelson@morganlewis.com

                                       Angelo I. Amador
                                       Admitted *pro hac vice*
                                       Restaurant Law Center
                                       2055 L Street, NW Seventh Floor
                                       Washington, DC 20036
                                       T: 202-492-5037
                                       aamador@restaurant.org

                                       *Attorneys for Plaintiffs*

11